```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  01/23/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
FEDERAL DEPOSIT INS. CO. AS RECEIVER                        :
FOR OMNI NATIONAL BANK,                                     :
                                                            :       13 Misc. 381 (KPF)
                            Plaintiff,                      :
            v.                                              :       OPINION AND ORDER
                                                            :
EVEREST REINSURANCE HOLDINGS, INC.,                         :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

      On November 8, 2013, Plaintiff Federal Deposit Insurance Company as Receiver for Omni National Bank ("FDIC-R") filed a motion to compel responses to certain subpoenas served upon Defendant Everest Reinsurance Holdings, Inc. ("Everest Re") in connection with an underlying litigation pending in the United States District Court for the Northern District of Georgia, *Progressive Cas. Ins. Co.* v. *FDIC as Receiver for Omni National Bank*, No. 12 Civ. 1103 (RLV) (N.D. Ga. 2012) (hereinafter, the "Coverage Action"). Everest Re, along with Progressive Casualty Insurance Co. ("Progressive"), a party to the Coverage Action but not a party here, oppose the motion to compel. For the reasons discussed in the remainder of this Opinion, the motion is hereby transferred to the Northern District of Georgia.

**FACTUAL BACKGROUND**

A.  **The Coverage Action**

Progressive initiated the Coverage Action in 2012, seeking a declaratory judgment that it was not responsible for indemnifying or paying the defense of certain directors and officers of Omni Bank ("D&Os") in connection with another lawsuit pending in the Northern District of Georgia that had been filed by FDIC-R against those same D&Os (*FDIC as Receiver for Omni National Bank v. Klein, et al.*, No. 12 Civ. 896 (RLV) (N.D. Ga. 2012) (hereinafter, the "FDIC-R Action")). (FDIC-R Memorandum of Law in Support of Motion to Compel ("FDIC-R Br.") 1). Progressive promptly moved for summary judgment in the Coverage Action, and that motion was granted in part and denied in part by the Honorable Robert L. Vining, Jr. in January 2013. *See Progressive Cas. Ins. Co. v. FDIC as Receiver for Omni National Bank, et al.*, 926 F. Supp. 2d 1337, 1339-40 (N.D. Ga. 2013).

Judge Vining determined that the insurance policy at issue contained two ambiguous terms, and held that because "extrinsic evidence is admissible if a contract is ambiguous ... [FDIC-R] should be permitted to proceed in discovery into the areas identified in the Lana Robertson Declaration." 926 F. Supp. 2d at 1339. The Robertson Declaration had been submitted by FDIC-R in connection with its opposition papers, and detailed five categories of information for which FDIC-R sought discovery. (*See* Ex. 1 to the Declaration of Joseph M. Saka in Support of the Motion to Compel (Dkt. #3)). Of relevance here, among those categories was "Progressive's interpretation and

2

construction of the scope of coverage under its directors and officers liability insurance policies, and specifically its understanding relevant to the [two ambiguous terms]." (*Id.* ¶ 8(e)).

FDIC-R served various discovery requests on Progressive on October 23, 2012, to which Progressive has yet to respond. (FDIC-R Br. 9). Consequently, FDIC-R filed a motion in the Coverage Action to compel production by Progressive of all electronic discovery material responsive to FDIC-R's discovery requests; that motion is still pending. (*Id.*).

**B.    The Instant Action**

FDIC-R served a subpoena on non-party Everest Re on October 2, 2013. (FDIC-R Br. 9).[1] That subpoena incorporated 23 document requests, which can be divided into two broad categories: (i) requests limited by reference to Omni or the insurance policy provisions at issue, and (ii) requests related to Progressive's treatment of tort claims by FDIC acting as receiver in connection with other failed banks. (*Id.* at 9-10).

Subsequently, Progressive and Everest Re objected to the subpoenas on the basis that they were overbroad, burdensome, and unlikely to lead to the production of relevant or non-privileged information. (FDIC-R Br. 10). Progressive, Everest Re, and FDIC-R met and conferred shortly thereafter, but were unable to resolve this dispute. (*Id.*).

---

[1] FDIC-R served identical document requests on two other reinsurers, Axis Reinsurance Co. ("Axis Re") and Transatlantic Reinsurance Co. ("Trans Re"), that same day. (FDIC-R Br. 7 n.4). FDIC-R moved to compel responses from Trans Re and Axis Re under a separate docket number in this District, No. 13 Misc. 380, which is also assigned to the undersigned. (*Id.*). This Opinion applies equally to Trans Re and Axis Re, and the Court has contemporaneously issued an Opinion and Order to that effect in No. 13 Misc. 380 (*see* No. 13 Misc. 380, Dkt. #37).

FDIC-R initiated this action on November 8, 2013, with the filing of a motion to compel and accompanying memorandum of law. (Dkt. #1, 2). By stipulation (Dkt. #15), the time for Everest Re to oppose was extended to December 3, 2013; its opposition was filed on December 4, 2013 (Dkt. #16 ("Everest Re Opp.")). Progressive filed an opposition on December 3, 2013. (Dkt. #16 ("Progressive Opp.")). The motion to compel was fully briefed as of the filing of FDIC-R's reply papers on December 10, 2013. (Dkt. #20 ("FDIC-R Everest Re Reply"), 21 ("FDIC-R Progressive Reply")). The case was reassigned to the undersigned, acting as Part I Judge, on December 12, 2013. (Dkt. #22).

## DISCUSSION

Everest Re raises several arguments in opposition to this motion, namely that FDIC-R's requests are overbroad, burdensome, and solicit irrelevant and privileged information. Yet the Court need not reach these arguments because it agrees with Progressive and Everest Re that this motion is better decided by the District Judge presiding over the underlying action in the Northern District of Georgia.

Principal among the factors compelling this conclusion are considerations of judicial efficiency and comity. The parties dedicate significant briefing to arguing as to what Judge Vining must have meant in his summary judgment opinion, which narrowly proscribed the parameters of permitted discovery; this Court is not in the best position to resolve such arguments. For example, did Judge Vining mean to include reinsurance information in the permitted discovery, although he did not specifically say so?

4

(*Compare* Everest Re Opp. 4 (noting that the Robertson Declaration "did not identify reinsurance documents or communications between Progressive and its reinsurers as required areas of discovery"), *with* FDIC-R Br. 13 ("In its subpoenas to Everest Re, the FDIC-R seeks discovery that has been authorized by [Judge Vining]")). Quite simply, these questions are best put to Judge Vining.

The Court is also mindful that FDIC-R's motion to compel in the Coverage Action is still pending, and that motion, in part, concerns reinsurance information. (*See* FDIC-R Br. 9 n.6; FDIC-R Progressive Reply 3 n.1). Given that case law in this District appears to conflict with case law in the Northern District of Georgia on the relevance of reinsurance information, there is a very real possibility that the motions to compel filed in Georgia and New York could result in different and contradictory holdings. *Compare Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 137 (S.D.N.Y. 2012), *with Federal Deposit Ins. Corp., as Receiver of Silverton Bank, N.A.,* v. *Bryan*, No. 11 Civ. 2790 (JEC) (GCB), Slip Op. at 26-27 (N.D. Ga. Nov. 28, 2012) (Ex. 7 to the Declaration of Matthew J. Dendinger In Opposition to the Motion to Compel (No. 13 Misc. 380, Dkt. #7). As Judge Vining has yet to rule on the relevance of reinsurance information, this Court wishes not to hamstring his ability to control and delineate the parameters of discovery in the Coverage Action.

It is worth noting that this motion was filed only three weeks before a major change in the Federal Rules of Civil Procedure went into effect. Under

the newly-amended Rule 45, subpoenas are issued by the court in which the underlying matter is pending, and district courts may transfer pending motions to compel, such as this one, to the court in which the underlying matter is pending. *See* Fed. R. Civ. P. 45(c), (f). While judges within this District had transferred motions to compel even before this change took effect, *see, e.g.*, *Stanziale* v. *Pepper Hamilton LLP*, No. M8-85 (Part I) (CSH), 2007 WL 473703, at *3-5 (S.D.N.Y. Feb. 9, 2007) (permitting transfer when the subpoena recipient had indicated that it preferred that the issues be decided by the court presiding over the case), the new Rule 45(f), and the comments thereto, clearly permit and encourage such action. *See* Fed. R. Civ. P. 46(f); Committee Note to Amended Rule 45.

Lastly, Everest Re has not opposed transfer to the Northern District of Georgia. (*See* Everest Re Opp. 16 (arguing that this motion is "a transparent attempt to end-run the discovery limitations imposed by [Judge Vining]")). For all these reasons, transfer is appropriate.

## CONCLUSION

Thus, for the reasons discussed herein, the motion is hereby transferred to the United States District Court for the Northern District of Georgia. The Clerk of Court is directed to terminate all remaining deadlines and transfer the case file forthwith.

SO ORDERED.

Dated: January 23, 2014
      New York, New York

                                          KATHERINE POLK FAILLA
                                          United States District Judge